IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | Civil No. 1:11CV97HSO-JMR |
| | § | |
| $15,000.00 IN U.S. CURRENCY | § | DEFENDANT PROPERTY |

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE VERIFIED CLAIM AND ANSWER OF MR. JOHN SHOFFNER

BEFORE THE COURT is a Motion [17] to Strike Claim [5] and Answer [6] of John Shoffner, filed by the United States of America ["Government"], pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ["Supplemental Rules"]. To date, no Response has been filed by Mr. Shoffner. Having reviewed the Government's Motion, the record and pleadings on file, and the relevant legal authorities, the Court concludes that the Government's Motion to Strike [17] should be granted, and that Mr. Shoffner's Verified Claim of Ownership [5] and Answer [6] should be stricken.

### I. FACTS AND PROCEDURAL HISTORY

On March 16, 2011, the Government filed a Verified Complaint for In Rem Forfeiture [1] pursuant to 21 U.S.C. § 881(a)(6), seeking seizure and forfeiture of $15,000.00, in United States currency. According to the Complaint,

> [t]he Defendant Property consists of $15,000.00, in United States currency that was seized from John Shoffner on October 11, 2010, in a traffic stop on U.S. Interstate 10 westbound near the 40 mile marker in Harrison County, Mississippi. The Defendant Property is presently in the custody of the United States Marshal's Service.
> . . .
> The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. §

> 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities, used or intended to be used to facilitate a violation of the Controlled Substances Act.

Compl. [1] at pp. 1-2.

That same day, the Government executed and filed a Notice of Action and Arrest of Property to John Shoffner [4]. On April 25, 2011, Mr. Shoffner filed a Notice of Verified Claim of Ownership, pursuant to 28 U.S.C. § 1746. Mr. Shoffner filed an Answer [6] to the Complaint on May 13, 2011, admitting that the $15,000.00, was seized from him, and asserting an affirmative defense that forfeiture would be improper inasmuch as there was not a substantial connection between the currency and the exchange of a controlled substance. Ans. [6], at p. 2.

Following a telephonic conference, the Court entered a Case Management Order [9] on June 29, 2011. On February 16, 2012, the Government served Mr. Shoffner with a First Set of Special Interrogatories pursuant to the Rule G(6) of the Supplemental Rules. Mr. Shoffner did not respond to the Special Interrogatories within the requisite twenty-one [21] day period. The Government forwarded a good faith letter and a good faith certificate to Mr. Shoffner. Letter, att. as Ex. "1," and Certificate, att. as Ex. "2", respectively, to Pl.'s Mot. to Strike [17]. According to the Government, Mr. Shoffner neither responded to the good faith letter nor executed the good faith certificate.

The Government now moves to Dismiss the Notice of Verified Claim [5] and Answer [6], pursuant to Rule G(6)(b) of the Supplemental Rules. The Government argues as grounds that, to date, Mr. Shoffner has failed to respond to the First Set of Special Interrogatories.

## II. **DISCUSSION**

The Government asserts that the currency it seized from Mr. John Shoffner was furnished, or intended to be furnished, in exchange for controlled substances, and/or were proceeds traceable to such an exchange, in violation of 21 U.S.C. § 881(a)(6). "In a forfeiture proceeding involving currency, the district court exercises *in rem* jurisdiction and the currency is the *res*. The power of the court is derived entirely from its control over the defendant *res*." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113 (5th Cir. 1992)(citing *U.S. v. $57,480.05 U.S. Currency and Other Coins,* 722 F.2d 1457, 1458 (9th Cir. 1984)). "A bare assertion of ownership of the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992); *see also United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1375 (5th Cir. 1986)("claimant who asserts standing to contest forfeiture of property used or imported in violation of federal law must establish that he has an ownership interest in the property subject to forfeiture").

Supplemental Rule G(6)(a) provides that:

> [t]he government may serve special interrogatories limited to [the claimant's] identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery

is closed.

Supplemental Rule G(6)(a).

Supplemental Rule G(6)(b) requires "answers or objections to [special] interrogatories must served within 21 days after the [special] interrogatories are served." *Id.* Rule G(8)(c) allows the government to move to strike a claim "at any time before trial," if the claimant fails to timely respond to the interrogatories. *Id.* In the present case, Mr. Shoffner has clearly failed to comply with the Supplemental Rules. It is evident from the record that he is not interested in either pursuing his claim or otherwise complying with the required deadlines. The Government's Motion should be granted.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that because Mr. Shoffner has failed to comply with the requirements of the Supplemental Rules, the Government's Motion to Strike Verified Claim and Answer should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Government's Motion [17] to Strike Claim and Answer of Mr. John Shoffner, pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, filed May 22, 2012, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Verified Claim of Ownership [5] filed April 25, 2011, and Answer and Defenses [6] filed May 13,

2011, by Mr. John Shoffner are **STRICKEN**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of July, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE