IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

v.                                                    CIVIL ACTION NO. 1:11cv97HSO-JMR

**$15,000 UNITED STATES CURRENCY**                                                **DEFENDANT**
**PROPERTY**

### DEFAULT JUDGMENT OF FORFEITURE

Before this Court is Plaintiff United States of America's Motion for Default Judgment of Forfeiture [Ct. Doc. No. 26]. Having considered Plaintiff's motion and the relevant statutes and jurisprudence in this matter, this Court finds that the relief the Government seeks is such motion has merit and should be granted. This Court further finds and adjudicates as follows:

1. On March 16, 2011, the Government filed in the above-styled cause a Verified Complaint for Forfeiture *in Rem* [Ct. Doc. No. 1]. The Verified Complaint alleges that the above-referenced Defendant Property is subject to forfeiture pursuant to Title 21 U.S.C. § 881(a)(6).

2. Thereafter, the United States Marshals Service arrested the Defendant Property pursuant to the Court's March 16, 2011 Warrant of Arrest *in Rem* [Ct. Doc. No. 3].

3. Beginning on April 27, 2011, the plaintiff published for thirty consecutive days on an official government internet website at www.forfeiture.gov notice of the instant civil asset forfeiture action against the Defendant Property, as evidenced by the Declaration of Publication [Ct. Doc. No. 10] filed in this cause on November 14, 2011.

4.      The Government mailed pursuant to Rule G(4)(b)(I) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions a written notice of the instant civil asset forfeiture action against the Defendant Property and a copy of the Verified Complaint for Forfeiture *in Rem* to all potential claimants reasonably known to the Government, as evidenced by the Government's Proof of Service [Ct. Doc. No. 22], filed with this Court on August 8, 2012.

5.      The aforementioned publication and direct notices informed John Shoffner, Tracy Lyne Bussell, and all other persons or entities, known or unknown, claiming an interest in the Defendant Property that the Defendant Property had been arrested and that the instant civil forfeiture action was pending.  The publication and direct notice also informed said persons and entities that any persons or entities having or claiming an interest in the Defendant Property had at least thirty-five (35) days after the plaintiff mailed its written, direct notice or sixty (60) days after the first publication of notice on an official government website to file a claim and twenty (20) days after filing such claim to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of Supplemental Rules of Admiralty and Maritime Claims, and warned that if this rule was not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

6.      The Government took all reasonable measures to insure that John Shoffner, Tracy Lyne Bussell, and any other possible claimant, received such notice in a timely fashion.

7. On April 25, 2011, potential claimant John Shoffner filed a Verified Claim [Ct. Doc. No. 5] in response to the Government's Complaint, and on May 13, 2011, John Shoffner filed an Answer [Ct. Doc. No. 6] to the Government's Verified Complaint.

8. On July 23, 2012, the Court struck John Shoffner's Verified Claim and Answer from this action. As such, John Shoffner does not have a valid claim and answer in this cause.

9. As of this date, August 14, 2012, no person or entity, other than John Shoffner, has filed a claim, answer, or any other pleading in this cause. In addition, no person or entity, other than John Shoffner, has made any appearance in this cause to assert an interest in the Defendant Property or to otherwise defendant against the instant forfeiture action.

10. The time for filing a valid claim or answer in this action has lapsed pursuant to Supplemental Rule G. As such, John Shoffner, Tracy Lyne Bussell, and any other possible claimants are in total default; the Clerk of Court's August 9, 2012 Entry of Default [Ct. Doc. No. 25] was proper; and the Government is entitled to a default judgment of forfeiture, all without the necessity of further notice to John Shoffner, Tracy Lyne Bussell, or any other person or entity.

**IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS**:

a. The United States of America is hereby given a default judgment of forfeiture against the Defendant Property described below:

**$15,000.00 in United States Currency,**

and against the interest therein of John Shoffner, Tracy Lyne Bussell, and any and all persons or entities having or claiming an interest in the Defendant Property;

b.  Title to the Defendant Property is hereby vested in the United States of America and any administrative claims or interests therein of any persons or entities, including John Shoffner, Tracy Lyne Bussell, and any other possible claimant, are hereby canceled;

c.  The Defendant Property is referred to the custody of the United States Marshals Service for disposition in accordance with law and regulations.

**SO ORDERED AND ADJUDGED**, this the 27th day of August, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE